[No. G040739. Fourth Dist., Div. Three. Oct. 28, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
JAIME PEREZ ALVAREZ, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part IV.

COUNSEL

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Gary W. Schons, Assistant Attorney General, Rhonda Cartwright-Ladendorf and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BEDSWORTH, J.—Appellant Jaime Perez Alvarez here invokes *People v. Schulz* (1992) 2 Cal.App.4th 999 [3 Cal.Rptr.2d 799] to support his argument the crimes he committed were not accomplished by force. We reject the argument and add our voices to what we perceive to be a chorus of disapproval of the *Schulz* holding.

Appellant was convicted of six counts of forcible lewd conduct on a child under the age of 14 and two counts of aggravated sexual assault arising from such conduct. Upon finding he had suffered two prior "strike" convictions, the trial court sentenced him to an indeterminate life term, plus 10 years. Appellant contends there is insufficient evidence that, in sexually abusing the victim, he used force above and beyond that attendant to the abuse itself. He also contends the trial court erred in applying Penal Code section 654[1] to his sentence, and there is insufficient evidence that one of his prior convictions qualifies as a strike. We reject appellant's challenges to the sufficiency of the evidence, but modify his sentence to comport with section 654. In all other respects, we affirm the judgment.

## FACTS

In December 2004, appellant moved in with his girlfriend and her nine-year-old daughter, Martha. The following month, Martha alleged appellant had molested her on multiple occasions after he moved in. Although Martha later recanted her allegations, she related the story that follows to investigators.

One day in December 2004, appellant approached her while they were alone in the house. He picked her up, carried her to the living room sofa and placed her on his lap. He then kissed her and tried to put his tongue in her mouth, but she resisted and attempted to push him away. Undeterred, he

---

[1] All further statutory references are to the Penal Code.

unzipped her pants and slid his hand underneath her underwear. Then, holding her "hard" and "tight," he inserted his finger into her vagina. The penetration was painful for Martha. She asked appellant to stop, but he refused, and she was unable to get away. Appellant stripped to his underwear and placed Martha's hands on his chest and erect penis. He made her grab his penis over his underwear and "pull on it." Martha generally did as told. Whenever she let go, he grabbed her hand and held it around his penis.

The second episode of molestation occurred on January 19, 2005. Once again, Martha and appellant were alone in the house when he pulled her onto his lap and began kissing her. She tried to fight him off, but he removed her pants and inserted his finger inside her vagina. Bleeding slightly, she begged him to relent. However, he took her hands and placed them on his penis over his clothes. Then he forced her to "pull on it." Although she tried to move her hands away from appellant's penis, he held them there and directed their movement.

Based on the December 2004 incident, appellant was charged with three counts of forcible lewd conduct on a child under the age of 14. (§ 288, subd. (b)(1).) Count 1 was premised on his kissing Martha, count 2 on the digital penetration, and count 3 on the forced fondling. The prosecution also alleged one count—count 7—of aggravated sexual assault on a child under 14. (§ 269, subd. (a)(5).) The underlying act for this allegation was the same act of digital penetration alleged in count 2.

Appellant faced similar charges in connection with the second episode that occurred in January 2005. Counts 4 through 6 alleged forcible lewd conduct based on the kissing, digital penetration and forced fondling, and count 8 alleged aggravated sexual assault based on the digital penetration making up count 5. It was further alleged that appellant had served a prior prison term and suffered two prior serious felony convictions for purposes of the "Three Strikes" law and the five-year enhancement set forth in section 667, subdivision (a). The jury convicted on all counts, and following a court trial on the priors, the judge found all enhancement allegations true.

The court imposed consecutive terms of 25 years to life on counts 1 through 4 and consecutive terms of 15 years to life on counts 7 and 8. It then added 10 years for the two prior serious felony convictions, under section 667, subdivision (a). Pursuant to section 654, the court stayed counts 5 and 6. It also stayed punishment for the prior prison term, making appellant's total prison sentence 130 years to life, plus 10 years.

I

Appellant claims there is insufficient evidence to support his convictions because the prosecution failed to prove he used force above and beyond that which was necessary to perpetrate the alleged offenses. We disagree.

In reviewing the sufficiency of the evidence to support a criminal conviction, we review the record in the light most favorable to the judgment " 'to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*People v. Davis* (2009) 46 Cal.4th 539, 606 [94 Cal.Rptr.3d 322, 208 P.3d 78].) We do not reweigh the evidence or revisit credibility issues, but rather presume in support of the judgment the existence of every fact that could reasonably be deduced from the evidence. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103].)

■ By their terms, the offenses for which appellant was convicted required proof that, in committing the proscribed acts, he used force, violence, duress, menace, or fear of immediate and unlawful bodily injury against the victim. (§§ 288, subd. (b)(1) [forcible lewd conduct], 269, subd. (a)(5) [defining aggravated sexual assault to include forcible sexual penetration].) Force, in this context, means physical force that is " 'substantially different from or substantially greater than that necessary to accomplish the lewd act itself.' " (*People v. Cochran* (2002) 103 Cal.App.4th 8, 13 [126 Cal.Rptr.2d 416].)

Relying on *People v. Schulz, supra,* 2 Cal.App.4th 999, appellant contends that although he used some force against Martha in molesting her, it did not rise to this level. The most direct response to this argument is that *Schulz* is wrong.

In *Schulz,* the court ruled, "Since ordinary lewd touching often involves some additional physical contact, a modicum of holding and even restraining cannot be regarded as substantially different or excessive 'force.' " (*People v. Schulz, supra,* 2 Cal.App.4th at p. 1004.) However, the court acknowledged this ruling was contrary to established precedent (*ibid.*), and since *Schulz* was decided, it has been criticized for attempting "to merge the lewd acts and the force by which they were accomplished *as a matter of law*" (*People v. Babcock* (1993) 14 Cal.App.4th 383, 388 [17 Cal.Rptr.2d 688]).

■ More particularly, it has been noted the *Schulz* rule fails to recognize a "defendant may fondle a child's genitals without having to grab the child by the arm and hold the crying victim in order to accomplish the act. Likewise, an assailant may achieve oral copulation without having to grab the

victim's head to prevent the victim from resisting." (*People v. Neel* (1993) 19 Cal.App.4th 1784, 1790 [24 Cal.Rptr.2d 293].) Lewd conduct of this sort is punishable in and of itself. (§ 288, subd. (a).) Therefore, it stands to reason that the force requirement will be deemed satisfied when the defendant uses any force that is "different from and in excess of the type of force which is used in accomplishing similar lewd acts with a victim's consent." (*People v. Neel, supra*, 19 Cal.App.4th at p. 1790.)

According to the majority of courts, this includes acts of grabbing, holding and restraining that occur in conjunction with the lewd acts themselves. (See, e.g., *People v. Bolander* (1994) 23 Cal.App.4th 155, 160–161 [28 Cal.Rptr.2d 365] ["defendant's acts of overcoming the victim's resistance to having his pants pulled down, bending the victim over, and pulling the victim's waist towards him" constituted forcible lewd conduct]; *People v. Neel, supra*, 19 Cal.App.4th at p. 1790 ["defendant's acts of forcing the victim's head down on his penis when she tried to pull away and grabbing her wrist, placing her hand on his penis, and then 'making it go up and down' " constituted forcible lewd conduct]; *People v. Babcock, supra*, 14 Cal.App.4th at p. 388 [force element met where the defendant grabbed the victims' hands and made them touch his genital area].)

█ We agree with these decisions and find sufficient evidence of force in this case. During the December 2004 incident, appellant carried Martha over to the couch and resisted her attempts to push him away while he was kissing her. Then, holding her "tight" and "hard," he digitally penetrated her against her will. After that, he grabbed her hand and made her hold his penis. Whenever she let go, he took her hand and brought it back to his genital area.

Likewise, during the January 2005 episode, appellant forcibly pulled Martha onto his lap and prevented her from leaving while he kissed her and inserted his finger in her vagina. He also took her hands and made her pull on his penis. She tried to move her hands away, but he held them there against her will. On this record, it is clear appellant applied physical force that was substantially different from that necessary to accomplish the lewd acts themselves. All that was necessary to commit this act was a lewd touching. The application of force here was substantially different, regardless of whether it was substantially greater. Accordingly, there is sufficient evidence to uphold his convictions for forcible lewd conduct and aggravated sexual assault.

## II

Relying on section 654, appellant contends the court should have stayed punishment for at least one of the three lewd acts he committed against Martha in December 2004. Again, we disagree.

■ Section 654 provides that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." The section "applies when there is a course of conduct which violates more than one statute but constitutes an indivisible transaction." (*People v. Saffle* (1992) 4 Cal.App.4th 434, 438 [5 Cal.Rptr.2d 648].) Generally, whether a course of conduct is a divisible transaction depends on the intent and objective of the actor: "If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Neal v. State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].)

However, the rule is different in sex crime cases. Even where the defendant has but one objective—sexual gratification—section 654 will not apply unless the crimes were either incidental to or the means by which another crime was accomplished. (*People v. Perez* (1979) 23 Cal.3d 545, 553 [153 Cal.Rptr. 40, 591 P.2d 63]; e.g., *People v. Siko* (1988) 45 Cal.3d 820, 826 [248 Cal.Rptr. 110, 755 P.2d 294] [separate punishment for lewd conduct impermissible where it was the very basis for his rape and sodomy convictions]; *People v. Greer* (1947) 30 Cal.2d 589, 604 [184 P.2d 512] [removal of victim's underclothing was merely incidental to subsequent rape and did not warrant separate punishment]; *People v. Madera* (1991) 231 Cal.App.3d 845, 855 [282 Cal.Rptr. 674] ["section 654 would bar separate punishment for applying lubricant to the area to be copulated"].)

But, section 654 does not apply to sexual misconduct that is "preparatory" in the general sense that it is designed to sexually arouse the perpetrator or the victim. (*People v. Madera, supra,* 231 Cal.App.3d at p. 855.) That makes section 654 of limited utility to defendants who commit multiple sex crimes against a single victim on a single occasion. As our Supreme Court has stated, "[M]ultiple sex acts committed on a single occasion can result in multiple statutory violations. Such offenses are generally 'divisible' from one another under section 654, and separate punishment is usually allowed. [Citations.]" (*People v. Scott* (1994) 9 Cal.4th 331, 344, fn. 6 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) If the rule were otherwise, "the clever molester could violate his victim in numerous lewd ways, safe in the knowledge that he could not be convicted and punished for every act." (*Id.* at p. 347.) Particularly with regard to underage victims, it is inconceivable the Legislature would have intended this result. (*Ibid.*)

When appellant sexually abused Martha in December 2004, he started out by kissing her and trying to put his tongue into her mouth. After that, he

penetrated her with his finger, and then he forced her to fondle his penis. While appellant insists the kissing was merely designed to facilitate the subsequent acts of penetration and fondling, the trial court could reasonably have concluded otherwise. In fact, the record is entirely susceptible of the interpretation that appellant kissed Martha for the purpose of his own arousal and that, in so doing, he was not facilitating any other form of sexual contact, although that is where things ultimately led. Each lewd act was separate and distinct, and none of the acts were necessary to accomplish the others. Therefore, with respect to counts 1 through 3, the forcible lewd acts appellant committed against Martha in December 2004, no violation of section 654 has been shown.

The same analysis applies to the three acts of forcible lewd conduct involved in the January 2005 incident, which were alleged in counts 4 through 6. Since each of the charged acts—again, kissing, penetration and forced fondling—were separate and distinct, and none of the acts were necessary to accomplish the others, section 654 would not come into play on these counts, at least when considering them in relationship to one another.

### III

However, it is clear that section 654 does apply to counts 2 and 5 when considering them in the context of appellant's sentence as a whole. As the court recognized at the time of sentencing, those two counts of forcible lewd conduct were based on the very same acts of digital penetration which formed the basis for the two counts of aggravated sexual assault, which were alleged in counts 7 and 8, respectively. Since the acts in counts 2 and 5 were the very means by which counts 7 and 8 were accomplished, appellant cannot be punished twice for those particular acts. (*People v. Siko, supra*, 45 Cal.3d at p. 823 ["if a person rapes a 13-year-old, he can be convicted of both rape and lewd conduct with a child on the basis of that single act, but he cannot be punished for both offenses . . ."].) Accordingly, we will modify appellant's sentence to stay counts 2 and 5, as opposed to counts 5 and 6. This will not affect the length of appellant's sentence.

### IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 999.

## DISPOSITION

Appellant's sentence is modified by lifting the section 654 stay as to count 6 and imposing the stay as to count 2, resulting in no change to appellant's total prison term. The clerk of the superior court shall modify the abstract of judgment accordingly and send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

Sills, P. J., and Aronson, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 3, 2010, S178294. George, C. J., did not participate therein.