Filed 12/15/20  P. v. Casas CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DENNIS CASAS,<br><br>　　Defendant and Appellant. | B300209<br><br>Los Angeles County<br>Super. Ct. No. KA116454 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rubiya Nur, Judge. Affirmed.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithy, Assistant Attorney General, William H. Shin and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted defendant Dennis Casas of forcible rape of a child (count 2), forcible sexual penetration of a child (count 3), and unlawful sexual intercourse with a child (count 4). The court sentenced defendant to 13 years, 8 months in prison, consisting of 11 years for count 2, plus a consecutive term of 2 years, 8 months for count 3. Defendant contends the court erred when it did not stay his sentence on count 3 under Penal Code[1] section 654. We disagree and affirm.

# FACTUAL BACKGROUND

At the time he committed the underlying offenses, defendant was 20 years old and the victim was 14 years old.[2] The victim had just left a party with some friends when she ran into a man named Michael she had met on the internet. Michael and defendant were sitting in the same car. One of Michael's friends drove the victim, her friends, defendant, and another man to a second party. After consuming alcohol and drugs at the second party, the victim told Michael she wanted him to take her and her friends to their friend's house.

After leaving the second party, the victim realized they were driving to a park instead of her friend's house. Michael started kissing the victim and one of her friends. As they were kissing, defendant pulled the victim towards him. He then rubbed her thigh and tried to touch her genitals. The victim felt

---

[1] All undesignated statutory references are to the Penal Code.

[2] Defendant was convicted in a different case less than four months earlier of having sexual intercourse with a minor.

uncomfortable, removed defendant's hand from her thigh, and told him to stop touching her. The victim told one of her friends that defendant wouldn't stop touching her. The friend told defendant to leave the victim alone.

When they arrived at the park, everyone got out of the car. The victim told her friends that she was cold, so defendant tried to convince her to get back inside the car with him. The victim initially refused and asked her friends to stay with her because she didn't want to go inside the car alone with defendant. The victim eventually got into the back seat of the car with defendant, while two of her friends sat in the front seats. Defendant continued to try to hook up with the victim, but the victim refused and began hugging one of her friends from behind. One of the victim's friends then got out of the car, vomited, and passed out. The other friend got out of the car to check on the one who had passed out.

Once he was alone with the victim, defendant began kissing her again. Although she told him to stop and that she felt sick, defendant kept kissing her and telling her it was "fine" and that she was "good." Defendant then got on top of the victim, pinned both of her arms down with one of his hands, and used his other hand to touch her thigh. The victim struggled to push defendant off of her. Defendant kept telling the victim she was "fine" and would "like it."

Defendant then unzipped his pants, touched the victim's breasts, pulled off her shorts, and started rubbing her genitals. The victim told defendant she was a virgin and not ready to have sex, but defendant continued to grope her. Defendant then put his finger inside the victim's vagina.

After the victim screamed and told defendant to stop touching her, he removed her underwear and put his penis inside her vagina. Defendant had sex with the victim for two or three minutes while she struggled to get him off of her before her friends returned to the car and told defendant to stop touching her. Defendant let the victim go and started laughing with his friends. The group then left the park and dropped the victim and her friend off at her friend's house.

## PROCEDURAL BACKGROUND

The People charged defendant with rape of a child over 14 years old (§ 261, subd. (a)(2); count 2), sexual penetration by foreign object of a child over 14 years old (§ 289, subd. (a)(1)(C); count 3), and unlawful sexual intercourse with a child (§ 261.5, subd. (c); count 4). A jury found defendant guilty of all three counts and found true as to counts 2 and 3 that the victim was a child 14 years or older.

At sentencing, the court found section 667.6, subdivision (d), did not apply because defendant committed the offenses "in one continuous event," and he "did not have the time or opportunity or did not have that factor that the court could consider where he reflected upon before committing the second act." The court then exercised its discretion to sentence defendant under section 1170.12, instead of under section 667.6, subdivision (c).

The court sentenced defendant to a total term of 13 years, 8 months in prison. Specifically, the court imposed the high term of 11 years for count 2, and one-third of the mid-term for count 3 (2 years, 8 months) to run consecutively to count 2. As to count 4, the court imposed but stayed under section 654 the high term of three years.

Defendant appeals.

## DISCUSSION

Defendant contends the court erred when it imposed separate punishments for counts 2 and 3, arguing the acts giving rise to each count were part of an indivisible course of conduct for purposes of section 654. We disagree.

Section 654 provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Thus, by its terms, section 654 applies only where a single act or omission gives rise to multiple convictions. (*People v. Hicks* (1993) 6 Cal.4th 784, 791 (*Hicks*).)

But, in *Neal v. State of California* (1960) 55 Cal.2d 11, the California Supreme Court interpreted the statute broadly, holding it applies " 'not only where there was but one "act" in the ordinary sense … but also where a course of conduct violated more than one statute and the problem was whether it comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654.' [Citation.]" (*Id.* at p. 21.) " 'It is defendant's intent and objective, not the temporal proximity of his offenses, which determine whether the transaction is indivisible. [Citations.] … [I]f all of the offenses were merely incidental to, or were the means of accomplishing or facilitating one objective, defendant may be found to have harbored a single intent and therefore may be punished only once. [Citation.]' " (*Hicks, supra*, 6 Cal.4th at p. 789.)

The rule is different, however, when sex crimes are involved. (*People v. Alvarez* (2009) 178 Cal.App.4th 999, 1006

5

(*Alvarez*).) "Even where the defendant has but one objective—sexual gratification—section 654 will not apply unless the crimes were either incidental to or the means by which another crime was accomplished." (*Id.*, at p. 1006.) For instance, section 654 "does not apply to sexual misconduct that is 'preparatory' in the general sense that it is designed to sexually arouse the perpetrator or the victim." (*Alvarez*, at p. 1006.) Thus, "multiple sex acts committed on a single occasion can result in multiple statutory violations. Such offenses are generally 'divisible' from one another under section 654, and separate punishment is usually allowed." (*People v. Scott* (1994) 9 Cal.4th 331, 344, fn. 6 (*Scott*).) If that were not the case, "the clever molester could violate his victim in numerous lewd ways, safe in the knowledge that he could not be convicted and punished for every act. In light of the special protection afforded underage victims, … the Legislature [could not have] intended this result." (*Id.* at p. 347.)

A court has broad discretion in determining whether section 654's prohibition on multiple punishment applies in any given case. (*People v. Vasquez* (2020) 44 Cal.App.5th 732, 737.) A court's determination, express or implied, "that two crimes were separate, involving separate objectives," under section 654 is a question of fact we review for substantial evidence. (*People v. Brents* (2012) 53 Cal.4th 599, 618.) We review the evidence in the light most favorable to the judgment and will affirm the court's sentencing decision if it is supported by substantial evidence. (*Vasquez*, at p. 737.)

Substantial evidence supports the court's implied finding that section 654 does not apply to count 3 in this case. Defendant's act of penetrating the victim's vagina with his finger—which gave rise to his conviction for sexual penetration

6

under count 3—was completed before he accomplished the forcible rape for count 2. Further, nothing in the record suggests that defendant could not have accomplished the forcible rape without first digitally penetrating the victim. Indeed, after defendant penetrated the victim with his finger, he removed his finger and took the time to pull off her underwear before he inserted his penis inside of her vagina. Thus, the court reasonably could have inferred that the digital penetration was, at most, a "preparatory" act intended to arouse or gratify defendant before he completed the rape. But, as we explained above, section 654 does not apply to such acts. (*Alvarez*, *supra*, 178 Cal.App.4th at p. 1006.) Because the digital penetration giving rise to count 3 was neither incidental to nor necessary to accomplish the forcible rape giving rise to count 2, the court did not err when it imposed separate punishments for counts 2 and 3. (*Ibid*.)

Defendant insists the court's finding that section 667.6, subdivision (d) does not apply in this case necessarily means the court found the sexual penetration for count 3 was incidental to or the means by which he accomplished the forcible rape for count 2 such that the court was required to stay punishment for count 3 under section 654. This argument lacks merit.

Section 667.6, subdivision (d) provides: "A full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims or involve the same victim on separate occasions. [¶] In determining whether crimes against a single victim were committed on separate occasions under this subdivision, the court shall consider whether, between the commission of one sex crime and another, the defendant had a reasonable opportunity to

7

reflect upon his or her actions and nevertheless resumed sexually assaultive behavior. Neither the duration of time between crimes, nor whether or not the defendant lost or abandoned his or her opportunity to attack, shall be, in and of itself, determinative on the issue of whether the crimes in question occurred on separate occasions."

By its terms, section 667.6, subdivision (d) requires the court to make a different finding from what is required under section 654. That is, in a case involving a single victim, section 667.6, subdivision (d) only applies if the court finds the defendant committed the sexual offenses *on separate occasions*, which requires the court to consider whether the defendant had a reasonable opportunity to reflect upon his actions and resume the sexually assaultive behavior despite the opportunity to reflect. Section 654 does not include such a requirement. Indeed, as we discussed above, a defendant can receive multiple punishments for multiple sexual acts committed *on a single occasion* because such acts are generally "divisible" from one another for purposes of section 654. (*Scott*, *supra*, 9 Cal.4th at p. 344.) Thus, the court's finding that defendant did not have the opportunity to reflect upon his actions between committing the sexual penetration and the forcible rape and that, as a result, the acts giving rise to counts 2 and 3 "were not separate events," does not mean the court erred in imposing separate punishments for those acts for purposes of section 654.

In short, substantial evidence supports the court's implied finding that the sexual penetration and the forcible rape were divisible acts for purposes of section 654.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

DHANIDINA, J.

9