Filed 11/21/24  P. v. Narsappa CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D083165 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS310809) |
| NANDU NARSAPPA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Marcella O. McLaughlin, Judge.  Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Genevieve Herbert, Deputy Attorneys General.

A jury found Nandu Narsappa[1] guilty of one count of forcible lewd act on a child under the age of 14 (count 1) and five counts of lewd acts on a child (counts 2–6). The jury also found true an allegation that Narsappa took advantage of a position of trust and confidence. Narsappa was sentenced to eight years in prison. On appeal from the judgment of conviction, Narsappa asserts insufficient evidence supports the jury's finding of force on count one. For reasons we explain, we conclude there was sufficient evidence to support the verdict and affirm the judgment.

FACTUAL BACKGROUND

At the time of the crimes, the victim, K.C., was 12 years old and lived next door to Narsappa and his family. K.C. lived at home with her father, mother, and sister. K.C. and her sister walked past Narsappa's home on their way to school. Narsappa and K.C.'s father became acquainted when Narsappa approached K.C.'s father while he was working on his car in the driveway. Narsappa and K.C.'s father had a friendly relationship.

On June 6, 2019, K.C.'s father invited Narsappa to K.C.'s birthday party at their home. Narsappa brought gifts for K.C. He also offered to tutor K.C. in math and to give her a job cleaning his fish tank. K.C. and her younger sister began visiting Narsappa's home about twice per week, for a few hours at a time. During the visits, Narsappa tutored the girls in math, then the girls would clean his fish tank and spend time with his dog.

During one visit, Narsappa brought K.C. into his garage to look at a watch he bought for her. Narsappa reached his hands out and walked toward her. She walked backwards as he neared, forcing her back against the wall.

---

[1] Some of the documents in the appellate record refer to Nandu Narsappa as Narsappa Nandu. In conformity with the pronouncement of judgment, we refer to him as Nandu Narsappa.

2

Narsappa then grabbed her and rubbed her sides, hips, and buttocks for about five minutes. Narsappa "quickly got off" K.C. when his daughter walked into the garage.

Several similar incidents occurred over the course of the next few months. K.C. visited Narsappa's house around 10 times. She testified at trial that Narsappa touched her butt a total of four or five times. Over time, she grew increasingly hesitant to go to Narsappa's house. Finally, K.C. told her father that she did not want to go there anymore. Around this time, K.C. also disclosed the incident to a friend over Instagram. She sent several messages to her friend. In one message, she said Narsappa "took [her] to the back room of the garage," pushed her to the wall, and touched her below the waist. The friend encouraged K.C. to tell her parents. K.C. then told her parents and they contacted the police.

Narsappa was arrested and tried. The jury convicted him of committing a forcible lewd act on a child under the age of 14 (Pen. Code,[2] § 288, subd. (b)(1); count 1) and committing lewd acts on a child under the age of 14 (§ 288, subd. (a); counts 2–6). The jury also found true an allegation that Narsappa took advantage of a position of trust or confidence to commit the crimes (Cal. Rules of Court, rule 4.421(a)(11)). The trial court sentenced Narsappa to a total term of eight years in prison consisting of a five-year term on count 1, three years for lewd act on a child under the age of 14 on counts 2, 3, 5, and 6 to run concurrently with count 1, and three years on count 4 to run consecutive to count 1.

---

[2] Subsequent undesignated statutory references are to the Penal Code.

3

## DISCUSSION

### I

*Legal Standards*

We review a challenge to sufficiency of the evidence in the light most favorable to the judgment below. (*People v. Werntz* (2023) 90 Cal.App.5th 1093, 1110.) We review the whole record for substantial evidence, which is evidence that is "reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Koontz* (2002) 27 Cal.4th 1041, 1078.) We " 'presume the existence of every fact that the jury could reasonably have deduced from th[e] evidence.' " (*People v. Navarro* (2021) 12 Cal.5th 285, 302.) In doing so, we " ' "accept logical inferences that the jury might have drawn from the circumstantial evidence." ' " (*Ibid*.) The " ' "uncorroborated testimony of a single witness is sufficient to sustain a conviction, unless the testimony is physically impossible or inherently improbable." ' " (*People v. Oliver* (2023) 90 Cal.App.5th 466, 484.)

Section 288, subdivision (a) criminalizes "any lewd or lascivious act … of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." Commission of the act "by use of force, violence, duress, menace, or fear" enhances the sentence under section 288, subdivision (b)(1). Force means " 'physical force that is " 'substantially different from or substantially greater than that necessary to accomplish the lewd act itself.' " ' " (*People v. Jimenez* (2019) 35 Cal.App.5th 373, 391.) " '[A]cts of grabbing, holding, and restraining that occur in conjunction with the lewd acts themselves' are sufficient to support a finding that the lewd act was committed by means of force." (*People v. Morales* (2018) 29 Cal.App.5th 471,

4

480; see also *People v. Garcia* (2016) 247 Cal.App.4th 1013, 1024 [force element met where the defendant grabbed victims' hands and made them touch his genital area], and *People v. Alvarez* (2009) 178 Cal.App.4th 999, 1005 (*Alvarez*) [same].)

II

*Analysis*

Narsappa's sole contention on appeal is that the prosecution presented insufficient evidence that he used force to support the count 1 conviction for forcible lewd act on a child under the age of 14. This argument is not well-taken. The record before this court shows there was substantial evidence that Narsappa used force in his attack on K.C. Specifically, K.C. testified that Narsappa brought her into his garage, then "came to [her] chest to chest, grabbed [her], … and rubbed [her] sides, hips, [and] butt." K.C. testified that this interaction lasted about five minutes. In addition, the exhibits entered into evidence from K.C.'s Instagram account showed that K.C. messaged a friend that Narsappa "took [her] to the back room of the garage," "pushed [her] to the wall" and "touched [her] below [the] waist." During her trial testimony, K.C. confirmed she wrote the Instagram messages. K.C. also

5

testified that she tried pushing Narsappa away during at least one incident of lewd touching.[3]

Further, at the time of the crimes, K.C. was 12 years old. Narsappa was 63 years old, and at least six inches taller than K.C. This size difference also supported an inference that Narsappa physically overpowered K.C. Put simply, the evidence presented at trial amply supported the jury's finding that a forcible lewd act occurred. (See *Alvarez, supra*, 178 Cal.App.4th at p. 1005 ["the force requirement will be deemed satisfied when the defendant uses any force that is 'different from and in excess of the type of force which is used in accomplishing similar lewd acts with a victim's consent' "].)

_____

[3] In his reply brief, Narsappa asserts for the first time that K.C.'s testimony that she attempted to push him away is related solely to count 4. As an initial matter, this argument is waived because it was not raised by Narsappa in his opening appellate brief. (*Abatti v. Imperial Irrigation Dist.* (2020) 52 Cal.App.5th 236, 296 [A reviewing court is not required to address points raised for the first time in the reply brief.].) Even if the argument were properly raised, however, it lacks merit. Narsappa has not shown that the testimony at issue was related solely to count 4 and not count 1. In any event, additional evidence, including K.C.'s Instagram messages to her friend that Narsappa "pushed [her] to the wall," supported the jury's finding of force.

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

IRION, J.

RUBIN, J.