Filed 8/27/25  P. v. Alvarez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063734 |
| v. | (Super. Ct. No. BAF004654) |
| JAIME PEREZ ALVAREZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Riverside County, Thomas Kelly, Judge. Reversed and remanded with directions.

Kirstin M. Ault, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Laura G.

Baggett and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

*       *       *

In 2008, Jaime Perez Alvarez was sentenced to a term of 140 years to life. In December 2023, Alvarez appeared before the trial court regarding his eligibility for recall and resentencing under Penal Code section 1172.75 (all undesignated statutory references are to this code). Alvarez argued he qualified under section 1172.75 because his abstract of judgment listed a commitment of five years for an enhancement under section 667.5, subdivision (b). The parties disputed whether this five-year enhancement listed on the abstract of judgment was mistakenly reported on the abstract as being pursuant to section 667.5, subdivision (b), instead of section 667, subdivision (a).

Without apparent access to the transcript of the original sentencing hearing, the trial court ordered, on December 19, 2023, the abstract of judgment to be corrected such that the five-year enhancement imposed under section 667.5, subdivision (b) was corrected to be a five-year enhancement imposed pursuant to section 667, subdivision (a). On our own motion, we take judicial notice of the portion of the record in Alvarez's prior appeal that contains the reporter's transcript from the original sentencing hearing, which confirms the trial court properly corrected a clerical error on the abstract of judgment. However, the December 19, 2023 minute order does not accurately reflect what the trial court ordered at the December 19, 2023 hearing, and thus, we conclude the minute order should be corrected.

Additionally, by only ordering the correction of a clerical error, the trial court effectively denied relief to Alvarez under section 1172.75. Yet the transcript of the original sentencing hearing also reflects the sentencing

2

court imposed a one-year term under section 667.5, subdivision (b) and struck the punishment. As the trial court and the parties do not appear to have had the original sentencing transcript when addressing whether Alvarez is eligible for recall and resentencing under section 1172.75, we reverse the trial court's denial of relief and remand to the trial court for further proceedings regarding whether Alvarez is eligible for recall and resentencing under section 1172.75.

## PROCEDURAL HISTORY

In 2007, Alvarez was convicted of six counts of violating section 288, subdivision (b)(1) (counts 1 through 6) and two counts of violating section 269, subdivision (a)(5) (counts 7 and 8). The minute order from the original February 29, 2008 sentencing hearing indicated the sentencing court imposed consecutive terms of 25 years to life on counts 1 through 4 and consecutive terms of 15 years to life on each count 7 and 8. The sentencing court also imposed a term of 25 years to life on each count 5 and 6, which were stayed pursuant to section 654, and the sentencing court imposed five years on "Prior 1" and five years on "Prior 2."[1] Thus, the total sentence was 140 years to life. The March 4, 2008 abstract of judgment reflected this total

---

[1] The information did not label priors as "Prior 1" or "Prior 2." The information alleged: (1) a "prior offense" of a prison prior under section 667.5, subdivision (b) based on a conviction for attempted murder; (2) a "first serious prior offense" under section 667, subdivision (a) based on a conviction of attempted murder; (3) a "second serious prior offense" under section 667, subdivision (a) based on a conviction for assault with a deadly weapon; (4) a "first special prior offense" under section 667, subdivisions (c) and (e)(2)(A) and section 1170.12, subdivision (c)(2)(A) based on a conviction for attempted murder; and (5) a "second special prior offense" under section 667, subdivisions (c) and (e)(2)(A) and section 1170.12, subdivision (c)(2)(A) based on a conviction for assault with a deadly weapon.

sentence, and relevant here, listed enhancements of five years for a "667(A)" and five years for "667.5(B)."

Alvarez appealed the judgment, and a panel of this court modified Alvarez's sentence by staying counts 2 and 5, as opposed to counts 5 and 6, under section 654. (*People v. Alvarez* (2009) 178 Cal.App.4th 999, 1007.) The judgment was affirmed in all other respects. (*Id.* at p. 1002.) In the statement of facts section of the opinion, the panel of this court noted the sentencing court had "added 10 years for the two prior serious felony convictions, under section 667, subdivision (a)." (*Id.* at p. 1003.)

After the appeal, there were new abstracts of judgment issued, dated March 9, 2010 and April 1, 2011. These abstracts continued to list the enhancements as five years for "667(A)" and five years for "667.5(B)."

On December 1, 2023, the parties appeared before the trial court as to Alvarez's eligibility for recall and resentencing under section 1172.75.[2] At the initial hearing that day, Alvarez's attorney asserted he was eligible under section 1172.75 because his most recent abstract of judgment included an enhancement under section 667.5, subdivision (b), and the proper sentence was 135 years to life once the five-year enhancement under section 667.5, subdivision (b) was stricken. The prosecution, however, said the abstract only needed to be corrected to show the sentencing court imposed five years for a "nickel prior." The trial court stated it will indicate any section 667.5, subdivision (b) enhancement is stricken and found the sentencing court had

_____

[2] The Attorney General notes the Department of Corrections and Rehabilitation had identified Alvarez as potentially eligible for resentencing relief. This communication by the Department of Corrections and Rehabilitation is not in the record on appeal.

4

wrongly imposed five years for that enhancement.[3] Later that same day, another hearing occurred before the trial court. The prosecution argued the prior appeal indicated "the strike prior was not under" section 667.5, subdivision (b) and was instead under section 667, subdivision (a). The trial court set a hearing later that month.

On December 19, 2023, the parties again argued before the trial court. The prosecution asserted there was a mistake in the abstract of judgment and it should be corrected to reflect two enhancements were imposed under section 667, subdivision (a). Alvarez's counsel asserted the abstracts of judgment, including the one that predated the appellate opinion, continued to list a five-year enhancement under section 667.5, subdivision (b) and Alvarez is serving a five-year sentence for a prison prior. The trial court asked what the People's position was, to which the prosecution said the trial court "should order that the abstract be corrected to reflect 667(a), nickel prior." The trial court responded, "That will be the order."

A December 19, 2023 minute order indicated it was a "Hearing re: Recall / Resentencing [PC 1172.7(a)/1172.75(a)]" and there was an "[o]ral motion by defense [r]e address prison prior," which the "People do not oppose." The minute order noted "Motion/Petition granted" and "[s]entence previously imposed is vacated as to Prior 01." The minute order further noted, inter alia: "Prior is vacated as it should reflect as [¶] a 667(A) PC"; "[t]he court finds prior 3 should have been [¶] found true on [February 29, 2008]"; "Court finds Prior(s) 06 True"; "As to the Prior 06, the Court imposes

---

[3] Alvarez's counsel also noted "[w]e do not otherwise need a resentencing date" because Alvarez "is ineligible for all other legal changes that have occurred."

[five] years"; "Prior 06 to run consecutive to sentence imposed in Count 1"; and "Court orders amended abstract be issued."

On December 29, 2023, an amended abstract of judgment was issued, which now listed two enhancements of five years as "PC 667(A)."

DISCUSSION

Under former section 667.5, subdivision (b), trial courts were instructed "to 'impose a one-year term for each prior separate prison term or county jail term' served for a felony," except "for a five-year period of freedom from custody and felony offenses." (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 (*Rhodius*).) "Effective January 1, 2020, the Legislature eliminated these one-year prior-prison-term enhancements except in cases involving prior terms for sexually violent offenses. [Citation.] Two years later, the Legislature made the change retroactive. [Citation.] In . . . section 1172.75, the Legislature declared that, aside from enhancements imposed for sexually violent offenses, '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to' . . . section 667.5, subdivision (b) 'is legally invalid.' [Citation.] In the same provision, the Legislature established a mechanism for resentencing individuals 'currently serving a term for a judgment that includes' such an enhancement." (*Id.* at pp. 1053–1054.)

In his initial briefing on appeal, Alvarez asserts the abstract of judgment listed an enhancement for five years under section 667.5, subdivision (b), and thus, the trial court should have struck that five-year enhancement. Alvarez contends the "2008 abstract of judgment contains an error in its listing of the enhancements because the defendant cannot receive a [five-year] sentence under" section 667.5, subdivision (b), but without a transcript from the original sentencing hearing, it is not clear whether the sentencing court intended to impose one enhancement under section 667.5,

6

subdivision (b) and one enhancement under section 667, subdivision (a), or two enhancements under section 667, subdivision (a). Conversely, the Attorney General argues the trial court appropriately corrected an error in the abstract of judgment. The Attorney General argues the abstract's "reference to a prison prior under section 667.5, subdivision (b), is clearly an error because imposition of a five-year term for that enhancement was not permitted by law," and instead, "the most reasonable interpretation of the court's original sentencing order is that it intended to impose five years for a serious felony prior" under section 667, subdivision (a).

The issue appears to stem at least in part from the parties not having the transcript from the original sentencing hearing to determine whether the earlier abstracts of judgment contained a clerical error or reflected what the original sentencing court actually intended to impose. On our own motion, we take judicial notice of the portion of the record in Alvarez's prior appeal case No. G040739 that contains the reporter's transcript of the February 29, 2008 hearing. (Evid. Code, § 459.)[4] At the original sentencing hearing, the sentencing court imposed a total sentence of 130 years to life for the substantive counts. Regarding the priors, the sentencing court stated: "On the priors, under 667(a), there are two of them, each of them carry a mandatory sentence of [five] years each. They must be run consecutive to the time that the [c]ourt imposed and, also, to each other. And so there's an additional 10-year determinate term. So the actual total aggregate term would be 140 years to life."

---

[4] At our invitation, the parties also filed supplemental briefing as to what impact the transcript of the original sentencing court's orders had in respect to the issues on appeal.

7

Thus, the transcript confirms the earlier abstracts of judgment contained a clerical error by listing a five-year term under section 667.5, subdivision (b). Instead, the original sentencing court imposed two 5-year terms under section 667, subdivision (a). At the December 19, 2023 hearing, the trial court properly ordered the correction of the clerical error so the abstract would reflect a five-year enhancement under section 667, subdivision (a) instead of section 667.5, subdivision (b).[5] (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["[c]ourts may correct clerical errors at any time"].)

The Attorney General contends, and we agree, the December 19, 2023 minute order does not accurately reflect what the trial court ordered at the December 19, 2023 hearing. For example, the minute order refers to granting Alvarez's "Motion/Petition" and finding true a prior, which did not occur at the hearing. The minute order should be corrected to reflect what the trial court ordered at the December 19, 2023 hearing, which was the correction of the clerical error so the abstract would reflect a five-year enhancement under section 667, subdivision (a) instead of section 667.5, subdivision (b).

---

[5] In his supplemental brief, Alvarez appears to contend the trial court could not have known it was correcting a clerical error at the time because it did not have the original sentencing hearing transcript. However, even if the trial court did not have the original sentencing hearing transcript at that time, it reached the correct result of correcting a clerical error on the abstract.

However, by only ordering the correction of the clerical error, the trial court effectively denied relief to Alvarez under section 1172.75.[6] Notably, the transcript from the original sentencing hearing also shows the sentencing court imposed a one-year term under section 667.5, subdivision (b) and struck the punishment.[7] This raises the potential issue of whether Alvarez is eligible for resentencing under section 1172.75. (See *Rhodius, supra,* 17 Cal.5th at p. 1066, fn. 2 [noting "appellate cases have addressed the application of section 1172.75 where prior-prison-term enhancements were stricken and where the punishment for the enhancements were stricken" but "[t]hese issues [were] not before" the Supreme Court in that case].) As the trial court and the parties do not appear to have had the transcript when addressing whether Alvarez is eligible for recall and resentencing under section 1172.75, we reverse the trial court's denial of relief and remand to the trial court for further proceedings regarding whether Alvarez is eligible for recall and resentencing under section 1172.75.

## DISPOSITION

The trial court is directed to prepare and file an amended minute order of the December 19, 2023 hearing to correctly reflect the trial court's orders on December 19, 2023. The trial court's denial of relief for Alvarez

---

[6] Although the trial court did not expressly state it was denying relief under section 1172.75, whether Alvarez was eligible for relief under section 1172.75 is what brought the parties before the trial court.

[7] The original sentencing court stated: "As far as the priors are concerned, the prior under 667.5(b), the [c]ourt would impose one year. That is stayed pursuant—and punishment stricken."

under section 1172.75 is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

MOTOIKE, ACTING P. J.

WE CONCUR:


MOORE, J.


SCOTT, J.