Filed 5/19/21  P. v. Reyes CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074889 |
| v. | (Super.Ct.No. 16CR024469) |
| JUANANTONI REYES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Eric M. Nakata, Judge.  Affirmed as modified in part, remanded with directions in part.

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Juanantoni Reyes repeatedly molested his then five-year-old grandniece over a two-month period.  He was convicted of 12 counts of felony sexual abuse and sentenced to consecutive terms on all counts to a total term of 180 years to life in prison.  On appeal, defendant contends (1) the trial court erred in imposing consecutive terms because it mistakenly believed consecutive terms were mandatory; (2) the trial court did not exercise informed discretion when it sentenced him because it did not know whether it had the authority to stay sentences on some of the counts; and (3) the abstract of judgment must be amended to reflect the correct designation of the offense of which he was convicted in counts 1, 2, and 5 through 10.  We agree the case must be remanded for resentencing and that the abstract of judgment must be amended to correct the errors.

## FACTUAL AND PROCEDURAL HISTORY

### A.     FACTUAL BACKGROUND

On June 5, 2016, S.S. was going to take his mother and father to Costco and planned to have his uncle (defendant) babysit his five-year-old daughter at his house while he was gone.  While S.S. was backing his car out of the driveway, he decided to go back into his house to get a water bottle.  When he walked into the house, he saw A.S. and defendant on the couch.  A.S. was lying on her back with her legs spread apart over defendant's lap.  Defendant had his fingers on A.S.'s vagina and was moving his hand in a circular motion.

After S.S. walked in, defendant "freaked out" and "jumped up."  S.S. was enraged and told defendant to get out of the house.  Defendant confessed to S.S. that he had

touched A.S.'s vagina but denied penetrating her and claimed it was A.S.'s "fault." S.S. reported defendant to law enforcement, and defendant was arrested that day.

A.S., who was nine years old at the time of trial, testified that defendant often babysat her while her father S.S. was at work and that he once babysat her for several days while S.S. was on vacation in Cancun. Using the words "pee" for vagina and "bottom" for buttocks, A.S. asserted that defendant committed the following acts: (1) inserted his erect penis into her vagina on about 10 occasions; (2) inserted his erect penis into her buttocks on multiple occasions; (3) put his penis inside of her mouth on about 20 occasions, sometimes rubbing his penis over A.S.'s face; (4) orally copulated A.S. approximately 20 times; (5) put his mouth on her buttocks around 20 times; (6) inserted his finger into her vagina on about 20 occasions; (7) inserted his finger into her anus on multiple occasions; and (8) grabbed A.S.'s hand and forced her to touch his penis.

After waiving his constitutional rights, defendant admitted to law enforcement that he had committed the acts as claimed by A.S. However, he offered a different account as to the number of times he had committed each act, but admitted that he had committed the acts over the course of two months. He claimed that he committed the sexual acts on A.S. because he had not had sex in a long time.

3

## B.     PROCEDURAL HISTORY

A jury found defendant guilty of eight counts of oral copulation or penetration of a child under the age of 10 (Pen. Code,[1] § 288.7, subd. (b); counts 1, 2 & 5-10); two counts of sexual intercourse or sodomy of a child under the age of 10 (§ 288.7, subd. (a); counts 11 & 12), and two counts of committing lewd acts on a child under the age of 14 (§ 288, subd. (a); counts 3 & 4).

The sentencing hearing was held on February 20, 2020.  At that time, after the trial court remarked that it was surprised it did not get sentencing briefs from the parties, the following colloquy occurred between defense counsel and the court:

"[DEFENSE COUNSEL]:  Your Honor, you know, this is the kind of sentencing that is relatively—you know, I don't want to use the word fait accompli, but he was convicted on all counts and ten of them are life terms.

"THE COURT:  True.

"[DEFENSE COUNSEL]:  And I do understand that we had—at the trial there was an instruction relative to unanimity, so I'm assuming that whichever acts underwrote the conviction charges that the jury followed and considered that instruction.  I believe that the law mandates that these are consecutive.  However,—

"THE COURT:  Except for the last two.

"[DEFENSE COUNSEL]:  I understand.  I'm talking about the life terms being consecutive to one another.

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

"THE COURT: I get it. I get it."

While acknowledging counsel had no case law authority on whether the court had authority to stay some of the counts, defense counsel requested that the court stay the sentences on some counts. Defense counsel stated, "So I would ask that the Court impose the minimum as to those counts [counts 3 & 4]. And I'm asking on those counts since they are 288(a)s, I believe that also they are consecs by law, but I will ask the Court to run those concurrently if the Court has the authority."

The prosecutor replied as follows: "The People would ask that the Court, due to the law mandating that the life terms are completely consecutive, I would ask the Court to adhere to that. [¶] The 170 years to life would be appropriate. . . . So keeping these consecutive under the law is completely appropriate. [¶] The determinant sentences as to the two counts of 288 under Count 3 and 4, it's the People's position that it should be eight years for Count 3 and then one-third the mid on Count 4 totaling ten years as opposed to the four-year calculation that the probation officer gives the Court. And under the law, those are also consecutive. And due to the egregious nature of the defendant's conduct of victimizing this child in the way that he did, the People would request that those remain consecutive. [¶] The People are asking for the ten years as to Count 3 and 4, and then 170 years to life for Counts 1 and 2 and 5 through 12."

Defense counsel thereafter stated that defendant's conduct following his arrest suggested remorsefulness, but the trial court noted defendant had not turned himself in. The following colloquy between defense counsel and the trial court ensued:

5

"[DEFENSE COUNSEL]: I do understand that, your Honor, but what I'm suggesting to the Court is that I don't think that he tried to obfuscate once he was arrested. He was straight forward and truthful with both the arresting officer and the investigators in this case.

"And I think that the other thing that should be made clear is that he did at least in his fashion try to resolve the case at an early stage and throughout.

"THE COURT: When did he do that?

"[DEFENSE COUNSEL]: He extended determinant sentences, lengthy that were declined by the district attorney's office.

"THE COURT: Probably rightfully so given what—you know.

"[DEFENSE COUNSEL]: I'm not talking about the outcome, your Honor, but what I am suggesting is that part of his going ultimately to trial was because the offer was two life terms, and it leaves you in a position where you almost have to try the case because you're facing at least life two times over. So I'm just suggesting to the Court that this was not a circumstance where he was professing his innocence or anything like that. He did take responsibility, and he took responsibility immediately with the officers when he was first arrested.

"THE COURT: I guess your idea of taking responsibility and mine are two different things."

Thereafter, after commenting, "I don't even know why they [the probation department] went into this," the court read from the probation report the facts in

6

aggravation and mitigation and the criteria whether to impose consecutive or concurrent sentences. The court noted that the probation officer missed the factor that defendant took advantage of his position of trust. The court explained, under California Rules of Court, rule 4.421, "defendant took advantage of a position of trust. It's interesting. They didn't talk about the multiple acts. I mean, probation missed the Rule 4.421, the crime involved great violence, great bodily harm, threat of great bodily harm and other acts disclosing a high degree of cruelty and callousness. That should have been in here. It is not. The Court will consider that." In mitigation, the court found that defendant had no prior criminal record. In imposing consecutive terms, the court found defendant's crimes and their objectives were independent of each other, that they involved separate acts of violence or threats of violence, and that they were not committed in a manner indicating "a single period of aberrant behavior."

The court then sentenced defendant to consecutive terms on all counts to a total determinate term of 10 years, plus a total indeterminate term of 170 years to life as follows: a determinate upper term of eight years on count 3, plus two years (one-third the middle term of six years) on count 4; and indeterminate terms of 25 years to life on counts 11 and 12, plus 15 years to life on counts 1, 2, 5, 6, 7, 8, 9, and 10. The court awarded defendant 1,559 days in presentence custody credits and ordered defendant to pay various fines and fees. Defendant filed a timely notice of appeal.

**DISCUSSION**

A.      SENTENCING UNDER SECTION 667.6

Defendant contends that because his convictions on counts 1, 2, and 5 through 12 for violating section 288.7, subdivisions (a) and (b), are not included in the sentencing scheme under section 667.6, the trial court was not mandated to impose consecutive sentences. He argues the court was unaware of its discretion to impose concurrent rather than consecutive sentences and requests his case be remanded so the court may exercise an informed discretion.

The People agree that consecutive terms were not required in this case and that the record indicates the trial court may have misunderstood its authority to impose concurrent terms. The People, however, believe defendant is not entitled to the requested relief because he forfeited his claim by not objecting to the imposition of consecutive sentences below. Alternatively, the People assert remand is unnecessary because the record shows the court would not have imposed a lesser sentence.

We first address the People's assertion that this issue was not preserved for review because defendant's trial attorney failed to object to the consecutive sentences at sentencing. We conclude that this issue is cognizable on appeal. "Defendant does not base this claim on the contention that some procedural irregularity or failure to state a finding on the record requires correction. [Citation.]" (*People v. Maharaj* (2012) 204 Cal.App.4th 641, 648 (*Maharaj*), citing *People v. Scott* (1994) 9 Cal.4th 331, 353 (*Scott*); see *People v. Leon* (2016) 243 Cal.App.4th 1003, 1023 (*Leon*) [a trial court's error in

8

failing to exercise a discretion conferred by law due to an erroneous understanding of the law falls within "a narrow class of sentencing issues that are reviewable in the absence of a timely objection"].) Instead, defendant argues the record affirmatively shows the trial court misunderstood its sentencing discretion. Thus, defendant's argument raises a claim that is reviewable even in the absence of an objection in the trial court. (*Leon*, at p. 1026; *Maharaj*, at p. 648; see *People v. Stowell* (2003) 31 Cal.4th 1107, 1113; *People v. Smith* (2001) 24 Cal.4th 849, 852.) Accordingly, we consider the issue on the merits.[2]

When a crime carries a determinate sentence, section 1170.1, subdivision (a), generally limits the length of a consecutive, subordinate sentence for such an offense to one-third of the middle term. (*People v. Pelayo* (1999) 69 Cal.App.4th 115, 123 (*Pelayo*).) Section 667.6 provides an exception to this rule for designated violent sex crimes, and requires or permits a full, separate, and consecutive sentence in such cases. (*Id*. at pp. 123-124.) Section 667.6, subdivision (c), provides that a full strength consecutive sentence is discretionary "for each violation of an offense specified in subdivision (e) [of section 667.6] if the crimes involve the same victim on the same occasion." Section 667.6, subdivision (d), mandates such a sentence "for each violation of an offense specified in subdivision (e) [of section 667.6] if the crimes involve separate victims or involve the same victim on separate occasions." Subdivision (e) of

---

**2** We will also exercise our discretion to resolve the claim in the interests of fairness and judicial economy, "and to forestall unnecessary ineffective assistance of counsel claims." (See *Leon*, *supra*, 243 Cal.App.4th at p. 1023; *People v. Williams* (1998) 17 Cal.4th 148, 161-162, fn. 6.) Hence, because we address the issue on the merits, we need not address defendant's ineffective assistance of counsel claim.

section 667.6 lists a number of offenses "commonly referred to as 'violent sex crimes.' " (*Pelayo*, *supra*, 69 Cal.App.4th at p. 123.)  As the parties correctly note, section 288.7, subdivisions (a) and (b), are not offenses specified in subdivision (e) of section 667.6.

Section 269, subdivision (c), also mandates consecutive sentencing for enumerated sexual offenses in certain circumstances.  However, these enumerated offenses do not include the offenses set forth in section 288.7, subdivisions (a) and (b).  (§ 269, subd. (c).)

Therefore, the decision to impose consecutive or concurrent terms for section 288.7 offenses is within the trial court's discretion under section 669.  (*People v. Woodworth* (2016) 245 Cal.App.4th 1473, 1479 [" 'Absent an express statutory provision to the contrary, section 669 provides that a trial court shall impose either concurrent or consecutive terms for multiple convictions' "]; *People v. Booth* (2018) 25 Cal.App.5th 450, 452 [rejecting contention that court erroneously believed it had no discretion to run section 288.7 sentences concurrently]; see *People v. Rodriguez* (2005) 130 Cal.App.4th 1257, 1262-1263.)

Here, it is undisputed that the trial court had discretion to impose either concurrent or consecutive terms for the section 288.7, subdivisions (a) and (b) offenses, specifically counts 1, 2, and 5 through 12.  It is also undisputed that the record affirmatively shows the trial court misunderstood its sentencing discretion when it erroneously believed, like defendant's trial counsel and the prosecutor, that it was mandated to impose consecutive terms on counts 1, 2, and 5 through 12.

Relying on the trial court's statements at sentencing, the People, however, believe remand is unnecessary and would be an idle act since the court "not only found [defendant]'s offenses to be 'quite egregious,' but it went beyond the findings in the probation report and noted that [defendant]'s offenses involved great bodily harm and displayed a high level of cruelty and callousness." But the court's express comments that the crimes were egregious and involved great bodily harm and cruelty do not indicate that it believed those aggravating factors supported a sentence of 180 years to life. In other words, there is nothing in the record to indicate that the trial court would not have lessened defendant's sentence or imposed concurrent terms on some of the section 288.7, subdivisions (a) and (b) offenses had it understood the scope of its sentencing discretion. Notwithstanding the court's comments, we believe that, under the circumstances of this case, the better course is to remand the case for reconsideration of the sentence in light of the principles discussed above.

We note that on remand, the trial court may still impose discretionary full strength sentences under section 667.6, subdivision (c), accompanied by an adequate statement of reasons. (See *People v. Thompson* (1982) 138 Cal.App.3d 123, 127.) We express no opinion regarding the appropriate formulation of the sentence on remand.

B.      SECTION 654

Claiming that section 654 applies to section 288 and section 288.7 offenses, defendant contends the trial court did not exercise informed discretion when it sentenced him because it did not know whether it had the authority to stay sentences on some of the

11

counts. He also asserts that the terms imposed on counts 3 and 4 for lewd acts on a child in violation of section 288 should have been stayed pursuant to section 654 because the offenses in those counts were "preparatory to, incident to, and part of an indivisible transaction with the acts of which he was convicted in counts 1 and 2." While the case must be remanded for resentencing to allow the court to make the requisite determinations under section 667.6, we disagree with defendant's argument that any portion of the sentence must be stayed on remand pursuant to section 654.

Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Although section 654 literally applies only when multiple statutory violations arise from the same " 'act or omission,' " its protection has been extended to cases in which several offenses are committed during a course of conduct deemed to be indivisible in time. (*People v. Hicks* (1993) 6 Cal.4th 784, 789; *People v. Latimer* (1993) 5 Cal.4th 1203, 1207-1209.) The question of whether section 654 applies is ordinarily a factual one for the trial court at the time of sentencing and is reviewed for substantial evidence, a standard that requires us to view the evidence in the light most favorable to the judgment. (*People v. Lopez* (2011) 198 Cal.App.4th 698, 717.)

Multiple sexual offenses committed on the same occasion are generally " 'divisible' " from one another and may be punished separately consistent with

12

section 654. (*Scott*, *supra*, 9 Cal.4th at p. 344, fn. 6; *People v. Harrison* (1989) 48 Cal.3d 321, 335-338 (*Harrison*); *People v. Perez* (1979) 23 Cal.3d 545, 552-554; *People v. Alvarez* (2009) 178 Cal.App.4th 999, 1006-1007 (*Alvarez*).) "Even where the defendant has but one objective—sexual gratification—section 654 will not apply unless the crimes were either incidental to or the means by which another crime was accomplished. . . . [¶] . . . [S]ection 654 does not apply to sexual misconduct that is 'preparatory' in the general sense that it is designed to sexually arouse the perpetrator or the victim." (*Alvarez*, at p. 1006; see *Harrison*, at pp. 326, 336-338 [section 654 does not preclude punishment for multiple sexual offenses against same victim during a seven- or 10-minute attack, committed to achieve separate sexual gratification].)

Turning to the specific counts at issue, section 654 did not prohibit separate punishment because the offenses in counts 1 through 4 involved separate and distinct acts. The prosecutor alleged, and the jury found, that in count 1, defendant penetrated A.S.'s vagina with his finger, and that in count 2, he inserted his finger into her anus. Contrary to defendant's contention, the prosecutor did not allege that count 3 was the act of squeezing of A.S.'s buttocks, or that count 4 was the act of touching A.S.'s face with his penis. Instead, the prosecutor alleged multiple acts on which the jury could have relied to convict defendant of committing a lewd act on a child. Defendant touched A.S.'s genital area over her underwear, used his hand and rubbed over her genitals in a circular motion, touched her buttocks, pulled her head down to his penis, and rubbed his penis across her cheeks and lips. As the prosecutor explained, "you can use any one of

13

these acts for Counts 3 and 4." They each could have constituted the lewd acts alleged in counts 3 and 4.

Moreover, the lewd conduct charges in counts 3 and 4 were not committed for the purposes of committing the digital penetration acts alleged in counts 1 and 2 or the oral copulation or sexual penetration acts alleged in counts 5 through 10 or the sexual intercourse or sodomy acts alleged in counts 11 and 12. Defendant did not need to touch A.S. over her clothing, squeeze her buttocks, pull her head to his penis or touch her face with his penis in order to commit the sexual acts alleged in counts 1, 2, and 5 through 12. Likewise, defendant did not need to commit the digital penetration acts alleged in counts 1 and 2 to commit the sexual acts alleged in counts 5 through 12. Accordingly, the sexual acts in counts 1 through 12 were separate and distinct acts. (*Alvarez*, *supra*, 178 Cal.App.4th at p. 1006.) Substantial evidence supports the trial court's implicit determination that the sexual acts were distinct sexual acts and that neither one was merely incidental to the other. (See *Harrison*, *supra*, 48 Cal.3d at pp. 334-338 [the defendant properly sentenced to consecutive terms for three separate acts of digital penetration committed during same assault].)

C.      CORRECTION OF ABSTRACT OF JUDGMENT

The parties agree the abstract of judgment should be corrected to reflect the correct designation of the offense of which he was convicted in counts 1, 2, and 5 through 10. We also agree. The abstract of judgment should be modified to reflect that defendant's convictions for violating section 288.7, subdivision (b), as alleged in counts

14

1, 2, and 5 through 10 was for "oral copulation or sexual penetration with a child 10 years old or younger, " rather than "oral copulation w/a child." The court shall make the necessary corrections when it prepares the new abstract of judgment following resentencing.

## DISPOSITION

The sentence is affirmed as modified in part, and the matter is remanded for the court to resentence defendant consistent with the views expressed in Sections A. and B. of the Discussion, and to correct the errors in the abstract of judgment noted in Section C. of the Discussion. The clerk of superior court is directed to forward a copy of the new abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER                          
                          J.

We concur:


RAMIREZ                  
                P. J.


SLOUGH              
                J.

15